NOTICE

Decision filed 07/12/22. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2022 IL App (5th) 220208-U

NO. 5-22-0208

IN THE

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| *In re* PAISLEY W., a Minor | ) | Appeal from the |
| | ) | Circuit Court of |
| (The People of the State of Illinois, | ) | Macon County. |
| | ) | |
| Petitioner-Appellee, | ) | |
| | ) | |
| v. | ) | No. 21-JA-178 |
| | ) | |
| Traci K., | ) | Honorable |
| | ) | Phoebe S. Bowers, |
| Respondent-Appellant). | ) | Judge, presiding. |

_____

JUSTICE WELCH delivered the judgment of the court.
Justices Cates and Moore concurred in the judgment.

**ORDER**

¶ 1    *Held*: The trial court's finding that the minor child was neglected and order placing guardianship with the Illinois Department of Children and Family Services were not against the manifest weight of the evidence.

¶ 2    The respondent mother, Traci K., appeals the orders of the circuit court of Macon County adjudicating the minor child neglected and placing guardianship with the Illinois Department of Children and Family Services (DCFS). On appeal, Traci K. argues that the court's orders were against the manifest weight of the evidence. For the reasons that follow, we affirm.

1

¶ 3                              I. BACKGROUND

¶ 4      Traci K. and David W. had one child, Paisley W., born September 30, 2021.  On

October 12, 2021, the State filed a petition for adjudication of wardship, alleging, *inter alia*,

that Paisley W. was neglected pursuant to section 2-3(1)(b) of the Juvenile Court Act of

1987 (Juvenile Court Act) (705 ILCS 405/2-3(1)(b) (West 2020)) because her environment

was injurious to her welfare.  The petition contended that Paisley W. tested positive for

methamphetamine upon birth, Traci K. had an open case with DCFS where the permanency

goal was substitute care pending a determination of parental rights, and Traci K. had

substance abuse and mental health issues and was unfit.

¶ 5      On October 12, 2021, DCFS filed a shelter care report, which indicated that Traci

K. had significant substance abuse history, was arrested for possession while pregnant with

Paisley W., and had two older children who had previously been removed from her care.

That same day, the trial court entered a temporary custody order, finding that there was an

immediate and urgent necessity to remove Paisley W. from the home and that leaving her

there was contrary to her health, welfare, and safety.  The court placed temporary custody

of Paisley W. with DCFS and allowed Traci K. to have supervised visits.

¶ 6      On December 22, 2021, Traci K. stipulated that Paisley W. was neglected and

Paisley W.'s environment was injurious to her welfare because she was born positive for

methamphetamine.  Before accepting the stipulation, the trial court read the allegations in

the petition for adjudication of wardship to Traci K.; asked her whether she understood the

allegations against her, which she responded that she did; and admonished her about the

rights that she was giving up by entering into the stipulation.  Then, the State read the

factual basis, in which it stated that Traci K. had another open case with DCFS, and the permanency goal in that case was substitute care pending a determination on termination of parental rights, she had been found unfit in that case, and Paisley W. tested positive for methamphetamine upon birth. The court then asked Traci K.'s counsel if she stipulated to the factual basis, which she responded that she did, and the guardian *ad litem* (GAL) indicated that he believed it was in Paisley W.'s best interests that the stipulation be accepted and she be found neglected. The court then found that the stipulation was knowingly and voluntarily made, and that Paisley W. was neglected. The court ordered a dispositional report be prepared and gave DCFS discretion to allow Traci K. visits with Paisley W.

¶ 7    That same day, the trial court entered an adjudicatory order, which found that Paisley W. was a neglected minor because she was in an environment that was injurious to her welfare and that the State had proven, by a preponderance of the evidence, the allegations in its petition for adjudication of wardship as Traci K. had stipulated to the allegation of neglect.

¶ 8    On January 25, 2022, a dispositional hearing report was filed, which indicated that Traci K. already had an open placement case with her older children. Traci K. reported that she started using cocaine when she was 33 years old, she used every other month while she was pregnant, and she last used in approximately September 2019. However, the report indicated that she minimized her substance abuse issues as evidenced by the fact that she last tested positive for cocaine in December 2019 during a random drug test.

¶ 9    Traci K. reported that she was told that she should take medication for anxiety and depression, but she did not take anything.  Her oldest son's father had custody of him, she had visits, but she did not understand why the trial court awarded custody of him to his father; and she was seeking to have custody returned to her.  She was currently engaged in substance abuse treatment, was making progress in that treatment, and was being cooperative with the permanency worker.  She had worked in the nursing profession and was seeking another employment opportunity.  However, the caseworker indicated concern that Traci K.'s support system was very limited and that she could benefit from developing a stronger support system.  The report indicated that Traci K. was attempting to take the necessary steps to reunite her family.  The report stated that David W. was granted physical custody of Paisley W. on December 6, 2021, with the stipulation that they reside with his mother.  However, DCFS retained guardianship of her.

¶ 10    At the March 1, 2022, dispositional hearing, the State recommended that Paisley W. be made a ward of the trial court with DCFS having guardianship over her and David W. having physical custody.  Traci K. had no objection to the recommendation.  The court then found that it was in Paisley W.'s best interests that she be made a ward of the court and DCFS be given guardianship with the power to place and consent to medical treatment. The court also found that it was in Paisley W.'s best interests that she be returned to David W.

¶ 11    On March 8, 2022, the trial court entered a dispositional order, which found that Traci K. was unfit and unable to care for, protect, train, educate, supervise, or discipline Paisley W. and placement with her would be contrary to Paisley W.'s health, safety, and

4

best interests because Traci K. had substance abuse and mental health issues, and she had an open case where the permanency goal was substitute care pending a determination on parental rights due to her lack of progress and failure to correct the conditions that led to the removal. The court also found that David W. had made reasonable efforts to keep Paisley W. in his home, and Paisley W.'s health, welfare, and safety would not be compromised by leaving her there as long as he continued to live with his mother. Thus, the court placed physical custody of Paisley W. with David W. and legal custody with DCFS. On March 30, 2022, Traci K. appealed the March 1, 2022, best interest findings, and the March 8, 2022, dispositional order.

¶ 12                          II. ANALYSIS

¶ 13    Traci K. first contends that the trial court's adjudication of neglect was against the manifest weight of the evidence because the State made the allegations in the petition for adjudication of neglect but then failed to put forth any credible and substantive evidence to prove those allegations. The State has the burden of proving allegations of neglect by a preponderance of the evidence. *In re Faith B.*, 216 Ill. 2d 1, 13 (2005). On review, a trial court's finding of neglect will not be disturbed unless it is against the manifest weight of the evidence, *i.e.*, the opposite conclusion is clearly evident. *Id.* at 13-14.

¶ 14    After carefully reviewing the record, we find that the trial court's decision was not against the manifest weight of the evidence. The State's petition for adjudication of wardship alleged that Paisley W. was neglected because her environment was injurious to her welfare in that she tested positive for methamphetamine upon birth, Traci K. currently had an open case with DCFS where the permanency goal was substitute care pending a

5

determination on parental rights, and Traci K. had substance abuse and mental health issues and was unfit. Traci K.'s counsel stipulated to the allegation of neglect, and thus, the State did not present any further evidence to prove the allegations contained in its petition. After stipulating to the allegation of neglect, Traci K. cannot now challenge the fact that the State did not present any further proof on that issue. When a party enters into a stipulation to eliminate the need for the other side to produce evidence, that party is bound by the stipulation. *Klucznik v. Nikitopoulos*, 152 Ill. App. 3d 323, 331 (1987). Stipulations are formal concessions that effectively withdraw a fact from issue and dispense wholly with the need for proof of that fact. *Christian Legal Society Chapter of the University of California v. Martinez*, 561 U.S. 661, 677-78 (2010).

¶ 15    Moreover, before accepting the stipulation, the trial court specifically addressed Traci K., read the allegations in the petition to her, made sure that she understood the allegations against her, and admonished her about the rights that she was giving up by entering into the stipulation. The State then read the factual basis, and her counsel stipulated to the factual basis. Also, the GAL indicated that he believed it was in Paisley W.'s best interests that the stipulation be accepted and she be found neglected. Accordingly, based on the above, we conclude that the finding of neglect was not against the manifest weight of the evidence.

¶ 16    Traci K. next argues that it was clear from the record that she was not advised of the factual contents and the conclusions of the dispositional report considered by the trial court when she agreed to the State's recommendation that DCFS should have guardianship of Paisley W. She further contends that the court's decision to grant guardianship to DCFS

6

was contrary to the purpose of the Juvenile Court Act, which is to promote and strengthen family ties, when she is more than capable of caring for Paisley W.

¶ 17    Section 2-22 of the Juvenile Court Act governs the dispositional hearing and provides that, at the dispositional hearing, the trial court must determine whether it is in the minor's best interests that she be made a ward of the court. 705 ILCS 405/2-22(1) (West 2020). Before entering the dispositional order, the court must advise all participants of the factual contents and the conclusions of the reports prepared for the court's use and considered by it, and afford fair opportunity, if requested, to controvert them. *Id*. § 2-22(2).

¶ 18    Here, a dispositional report was prepared at Traci K.'s request and was filed on January 25, 2022. Traci K.'s counsel had several weeks to review the report before the March 1, 2022, hearing, and there was no indication in the record that the report was not available to counsel before that hearing. At the hearing, the trial court advised that the dispositional report had been filed. Although the court did not specifically advise the participants of the factual content and conclusions contained in the report, Traci K. made no objection to the court's failure to read the report or restate the portions that it relied on into the record. Instead, she agreed with the proposed plan; she made no objections to the findings in the report and agreed with the State's recommendation that guardianship of Paisley W. be placed with DCFS. Also, she had the opportunity to controvert the report's findings but chose not to. Therefore, we find that Traci K. has forfeited this argument. See *In re J.C.*, 163 Ill. App. 3d 877, 889 (1987) (juvenile proceedings are subject to the waiver rule).

¶ 19 Further, the trial court's findings that it was in Paisley W.'s best interests that DCFS be given guardianship and David W. be given physical custody were not against the manifest weight of the evidence. Traci K.'s argument that she was more than capable of caring for Paisley W. at that moment in time was not supported by the record; Traci K. admitted that the environment was injurious to Paisley W.'s welfare in that Paisley W. was born with methamphetamine in her system, Traci K. had substance abuse and mental health issues, and the permanency goal in the earlier DCFS case was substitute care pending termination of her parental rights. Although she is correct that the purpose of the Juvenile Court Act is to preserve and strengthen the minor's family ties, the Juvenile Court Act also recognizes the need to remove the minor from the parent's custody when the minor's safety and welfare cannot be adequately safeguarded without removal. 705 ILCS 405/1-2(1) (West 2020). Nevertheless, we note that the court did preserve the family ties by placing physical custody of Paisley W. with her father and giving DCFS discretion to allow unsupervised, overnight, and extended visits between Paisley W. and Traci K. Accordingly, we conclude that the court's finding that Paisley W. was a neglected minor and granting DCFS guardianship was not against the manifest weight of the evidence.

¶ 20                        III. CONCLUSION

¶ 21 For the foregoing reasons, we affirm the circuit court of Macon County's order adjudicating the minor as neglected and the subsequent dispositional order granting DCFS guardianship over the child.


¶ 22 Affirmed.